JOHN CULLEN, Respondent, *v.* PATRICK GALLAGHER, Appellant,
Impleaded with THE MAYOR, ALDERMEN AND COMMONALTY OF
THE CITY OF NEW YORK.

*Substantial performance — evidence thereof.*

In an action brought for the foreclosure of a mechanic's lien it is a sufficient
answer to a claim that the plaintiff has failed substantially to perform his con-
tract, that under a contract for work amounting to $17,393, the allowance for
the work not performed amounts to only $317.

Evidence bearing upon the question whether the plaintiff had performed his
work without unnecessary delay considered by the court, and held to be suf-
ficient to sustain a decision in his favor.

APPEAL by the defendant, Patrick Gallagher, from a judgment of
the Supreme Court in favor of the plaintiff and the defendant,
The Mayor, Aldermen and Commonalty of the City of New York,
entered in the office of the clerk of the county of New York on
the 14th day of June, 1897, upon the decision of the court rendered
after a trial at the New York Special Term.

The action was brought for the foreclosure of a mechanic's lien.
It appeared upon the trial that the defendant, a builder, had entered
into a contract with the trustees of a school for the construction of
a school building on Edgecombe avenue. Thereafter the defendant
made a sub-contract with the plaintiff, under which the latter under-
took to "furnish and provide all the work and materials necessary
or proper in, toward or about the cut stone work and marble tablet,
including the setting of all blue stone steps and platforms for all
stoops and entrances to yards" of the school building. Under a
claim that the contract was fully performed, the plaintiff sought in
this action to recover a balance due on the contract. The question
most seriously contested by the defendant was as to whether the
plaintiff had, without unnecessary delay, performed his work as
required by the terms of the contract. The learned trial judge, in
his decision, after summarizing the contract entered into between
the parties, held: "The plaintiff thereupon proceeded with and sub-
stantially completed in due season all the work and materials by him
agreed to be furnished and provided as aforesaid. But he did not
furnish work and materials provided for in said contract of the value

of three hundred and seventeen dollars." That sum, therefore, was deducted from the amount claimed by the plaintiff, and the balance, $4,176, was awarded, with interest thereon.

*George S. Hastings*, for the appellant.

*Daniel Daly*, for the respondent.

O'BRIEN, J. :

There are many questions raised and discussed by the appellant, but most of them were not presented by the pleadings below, and, therefore, are not before us for review. The main question, however, as to whether there was a substantial performance by the plaintiff of all the provisions of his contract with the defendant, was, as we have seen, upon conflicting evidence, resolved in favor of the plaintiff. It would serve no useful purpose to summarize the evidence adduced by the parties respectively upon this question. There being sufficient to support the conclusion at which the learned trial judge arrived, we should not be justified in disturbing it.

On the question of delay, while it was provided that the work was to be completed within three and a half months from May, 14, 1894, and it appeared that the plaintiff did not cease working until some time in July, 1895, such delay was explained by the plaintiff's testimony that the work on the main building was completed by August 18, 1894, which was within the time fixed by the contract; and the extent of the work done up to that time is nowhere contradicted. This work on the main building did not extend beyond the window sills of the second story, and the failure until a much later day to place the foundations for the stoop, and the defendant's failure to have sufficient brick or terra cotta on hand, in connection with other portions of the building which had been placed before the plaintiff proceeded with his work, were among the reasons assigned for the delay in fully completing. There was also evidence tending to show that when a sufficient amount of material had been procured by the defendant and the building was ready for the plaintiff's work, the weather was so inclement that he could not proceed with it. The question as to whether the delay was solely attributable to the plaintiff or to the defendant was, like nearly every other question in the case, upon conflicting evidence, reduced

to one of fact. The same may be said with regard to the claim advanced that the plaintiff's work was imperfect and the material furnished poor, and as to the insufficiency of workmen. These latter, however, were all subsidiary to the main questions as to whether there there was a performance of the contract by the plaintiff, and as to the extent to which the defendant was damaged as the result of any of the plaintiff's omissions fully to complete. The appellant insists that the direct damage, consisting of the cost of making good defective work, and doing omitted work, was $709, to which should be added the cost of a marble tablet, $80, and the loss of interest on payments earned by the defendant, but withheld as the result, as claimed, of the plaintiff's delay. The learned trial judge did not, upon this question of fact, decide it in the defendant's favor, and, as we have already intimated, as it was a question of fact upon conflicting evidence, we should not interfere with it, and, therefore, this item may be disregarded. With respect to the item of $709, the payment made to Algie for making good defective work, it would appear that included in this was the cost of replacing a stone which was cracked by the settling of the building, and as this, therefore, was not the result of any fault of the plaintiff, the trial judge properly disallowed it. So, also, there was a question as to how much of the work done by Algie, which seemingly included the brushing and pointing of the whole front of the building, and not merely the stone work, was chargeable against the plaintiff. The trial judge reached the conclusion that $317 would be a reasonable allowance to make on a contract for work amounting to $17,393, which is a seeming answer to the appellant's main contention that the plaintiff failed substantially to perform his contract.

Upon a review of the evidence, we do not think that we should be justified in disturbing the decision of the court below, and the judgment should accordingly be affirmed, with costs.

Van Brunt, P. J., Patterson and McLaughlin, JJ., concurred; Ingraham, J., dissented.

Judgment affirmed, with costs.